UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY S. SIMS,

    Plaintiff,

v.

CORIZON CORPORATION,

    Defendant.

Case No. 21-cv-12563
Hon. Matthew F. Leitman

_____/

## ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND (2) SUMMARILY DISMISSING COMPLAINT (ECF No. 1)

Plaintiff Jeremy Sims is a state prisoner in the custody of the Michigan Department of Corrections. On October 21, 2021, Sims filed a *pro se* civil rights Complaint in this Court against Defendant Corizon Corporation pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Complaint is almost entirely blank. (*See id.*) Apart from listing the "approximate time [] the events giving rise to [his] claims occurred," the Complaint neither includes any allegations about what happened to Sims nor why Sims believes Corizon is responsible for any misconduct. (*Id.*, PageID.4-6.)

On November 4, 2021, Magistrate Judge David R. Grand ordered Sims to show cause within thirty days why his Complaint should not be dismissed for failing to state a claim for which relief could be granted. (*See* Show Cause Order, ECF No.

1

4.)  In the alternative, Magistrate Judge Grand provided Sims thirty days to file an Amended Complaint that sufficiently stated a claim for relief. (*See id.*)  That thirty-day period has now expired, and Sims has not responded to the Show Cause Order or filed an Amended Complaint.  Accordingly, for the reasons explained below, the Court **DISMISSES** Sims' Complaint.

# I

On October 20, 2021, Sims filed an application to proceed *in forma pauperis* in this action. (*See* Application, ECF No. 2.)  Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, Sims reports a complete lack of income or assets of any value. (*See* Application, ECF No. 2; Prison Account Statements, ECF No. 5.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Sims. The Court therefore **GRANTS** the Application and permits Sims to proceed *in forma pauperis.*

## II

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *See also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint nonetheless "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *See McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a *prima facie* case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *See Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, /451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III

The Court has reviewed Sims' Complaint and concludes that it does not state a viable claim against Corizon. Indeed, as described above, the Complaint form that Sims has filed is almost entirely blank. (*See* Compl., ECF No. 1.) It contains no allegations against Corizon, and it does not explain what happened to Sims or why he believes Corizon is liable for any misconduct. Simply put, Sims' blank Complaint does not satisfy the requirements of Fed. R. Civ. P. 8(a)(2) because it does not contain any factual or legal allegations that state a claim upon which relief can be granted.

Finally, the Court has provided Sims on opportunity to cure this deficiency, and he has failed to do so. In the Show Cause Order, Magistrate Judge Grand warned Sims that his Complaint was subject to dismissal because it failed to contain any

4

factual allegations against Corizon. (*See* Show Cause Order, ECF No. 4.) And Judge Grand provided Sims thirty days to file an Amended Complaint that sufficiently stated a claim for relief. (*See id.*) Sims has not responded to the Show Cause Order or filed an Amended Complaint.

For all of these reasons, Sims has failed to state a cognizable claim against Corizon. The Court therefore summarily dismisses his Complaint. *See Payne v. Secretary of Treas.*, 73 F. App'x. 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim" and explaining that "[n]either this court nor the district court is required to create [plaintiff's] claim for her.").

## IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that (1) Sims' Application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and (2) Sims' Complaint (ECF No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

                                       s/Matthew F. Leitman
                                       MATTHEW F. LEITMAN
                                       UNITED STATES DISTRICT JUDGE

Dated: January 25, 2022

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2022, by electronic means and/or ordinary mail.

                                          s/Holly A. Ryan  
                                          Case Manager  
                                          (313) 234-5126